Leonard v. Lederer, 10 W. L. B., 450; Coal Co. v. Manley, 21 W. L. B., 38.   The court has jurisdiction to render such a judgment when the proper affidavit in attachment is filed, the writ issued and the property attached. Payne v. Mooreland, 15 Ohio, 436 443.   The judgment is rendered upon the pleadings and must be against the person, or could not be entered at all.   In this sense it is a personal judgment, but is only valid to the extent of the property attached (the Cleveland Co-operative Stove Co. v. Mehling, supra).   If any property was reached by the garnishee process, the Justice had jurisdiction therefore to render a personal judgment to be effective to the extent of the value of the property.   It was a qualified personal judgment, jurisdiction being acquired by the seizure of property, and not by the appearance of the defendant.   It was error therefore to enter a personal judgment as upon the defendant's appearance.

Was any property seized by the writ of garnishment?

The statutes (section 6407) provide that if the officer can not get possession of the property he shall leave with the garnishee a copy of the order of attachment, with written notice to appear and answer; and (section 6500) that the garnishee shall answer under oath all questions touching the property of every discription and credits of the defendant in his possession or under his control; and (section 6501) if he disclose the property in his hands, or the true amount owing him, and deliver or pay the same according to the order of the court, he shall be allowed his costs.

Section 6503 provides that:   "If the garnishee appear and answer, and it is discovered on his examination that at or after the service of the order of attachment and notice upon him he was possessed of any property of the defendant, or was indebted to him, the Justice may order the delivery of such property, and the payment of the amount owing by he garnishee into the court; or may permit the garnishee to retain the property, or the amount owing, upon the execution of an undertaking to the plaintiff by one of more sufficient securities, to the effect that the amount shall be paid, or the property forthcoming, as the court may direct."

And section 6504:   "If he fail to appear and answer, or if he fail to comply with the order of the justice to deliver the property and pay the money owing into court, or give the undertaking required in the preceding section, the plaintiff may proceed against him in an action."

The garnishee did not appear, but it did answer disclosing property in its possession belonging to the defendant.   It offered to deliver the property to the court, but it did not do so, and it was not ordered to deliver it. Nor did it give an undertaking provided by the law in cases in which the garnishee elects to retain the property, and it was not required to do so.   In such cases clearly the bond takes the place of the property.   Neither the attachment nor the garnishment actually seized any property, and none came into the custody of the court.   As the seizure was necessary to confer jurisdiction, the magistrate had no power to render any judgment.   To the exact point is Davis v. Lewis, 16 C. C. 138.

It is contended also that as the property was without the county at the time the writ of garnishment was served, the writ was ineffective.   Conceding for present purposes that this is a true legal conclusion, if the premises are corect, yet the evidence shows that the writ was served within ten minutes after the car was loaded.   The court will take notice of the fact that a car loaded at the Big Four freight yard can not be hauled beyond the limits of the county on that line in so short a time, and holds that the car was within the territorial jurisdiction of the magistrate.

Another point is made, that the writ of garnishment does not bind a common carrier with respect to goods of the defendant in attachment, in transit, even when they are at the service of the writ within the territorial jurisdiction of the magistrate.   The court expresses no opinion on this question as it is not necessary to do so, but finds the assignments of error to be well taken on the other grounds stated.

Judgment accordingly.

Gorman & Thompson, for plaintiff in error; Jones & James, contra.

---

(Superior Court ofCincinnati.)
General Term.
DANIEL   LOEWENSTEIN   v.   RHEINSTROM BROS.

All the parties to a joint judgment are necessary parties to a petition in error by one of them; and while omitted parties may be brought in by amendment, such parties must nevertheless be brought in within the period for filing petitions in error, or the reviewing court will have no jurisdiction.

DEMPSEY, J.; SMITH, J.;and MURPHY, J. concur.

On May 26, 1900, Rheinstrom Bros. recovered at special term a judgment against Jennie Steinau and Daniel Loewenstein jointly for the sum of $993.57, with interest thereon from April 2, 1900; to this judgment Daniel Loewenstein alone excepted.   On August 15, 1900, Daniel Loewenstein filed in tne general term his petition in error to reverse the aforesaid judgment.   Rheinstrom Bros., the plaintiffs in the cause below, were alone made defendants in error, and were duly served on August 17, 190.   On the 26th of September, 1900, Rheinstrom Bros. filed their motion in this court to dismiss said petition in error, for the reason that the said Jennie Steinau. one of the parties below, is not made a party to said petition in error, and as a consequence this court is without jurisdiction to entertain such petition.   On October 6, 1900, Jennie Steinau entered her appearance to the petition in error herein and consented to be made a party thereto.   On October 9, 1900, an amended petition in error was filed setting forth certain facts as to the nature of the judgment against said Jennie Steinau.   On the same day a motion was filed

to make Jennie Steinau a party defendant in error because she had been omitted by mistake and inadvertence. On October 12, 1900, Rheinstrom Bros. filed their motion to strike from the files the amended petition in error for various reasons therein set forth. These various motions are now before us for decision.

The limitation for filing petitions in error is four months from the date of the judgment or order complained of.

In Smetters v. Rainey, 14 O. S., 278, it was settled that all the parties to a joint judgment are necessary parties to a petition in error by one of them. And while it was held that in cases of omission of parties amendment might be allowed, it was further held that such omitted parties must be brought in within the period allowed for filing petitions in error; otherwise the reviewing court would have no jurisdiction. Smetters v. Rainey has been severely criticized in three subsequent cases, but it has never been overruled.

In Abair v. Bank, 3 C. C., 290, in an exhaustive opinion by Scribner, J., all of the cases up to that time are collected, analized and reviewed and the conclusion reached that Smetters v. Rainey was still law in Ohio.

In 1877, in the case of Burke v. Taylor, 45 O. S., 444, and subsequent to Judge Scribner's decision, Smetters v. Rainey was again distinctly approved and followed.

In view of this line of authority we feel that we have no independent judgment on this question and that we are bound by the rule as laid down in Smetters v. Rainey. As a consequence it follows that the motions of Rheinstrom Bros. to dismiss the petition in error and to strike the amended petition in error from the files must be granted. The motion to make Jennie Steinau a party defendant in error must necessarily be denied.

D. Thew Wright, Jr., for Loewenstein; Jacob Shroder for Rheinstrom Bros.

---

(Superior court of Cincinnati.)
(Special term.)

BLOCK et al., v. THE STANDARD DIS-
TILLING & DISTRIBUTING CO.

(1.) It is always proper that a plaintiff make explanatory averments, by way of inducement, of matters connected with the subject of controversy which otherwise would be left vague and uncertain.

(2.) The court, on a motion that it is equivalent to a special demurrer, must assume that the plaintiff has stated in his declaration the substance of the contract without qualification or condition; additional matter is prolixity.

(3.) The conditions of a contract whose performance are averred must be, and can be, only those which form part of the contract or promise as stated in the petition.

---

DEMPSEY, J.

Plaintiffs sue on a written contract, and aver that by said contract, *"among other things, it was agreed,"* and then plaintiffs set forth in substance so much of the contract as they rely upon, and from which it appears that plaintiffs were to be appointed "one of the authorized agents or distributors of defendant's product," and then follow other terms of the contract. The general averment is then made that "the plaintiffs have faithfully complied with all the provisions and conditions of said agreement on their part."

A motion is interposed by defendant to make the petition more definite and certain by stating: 1. What were *"the other things"* which, as mentioned in the petition, were agreed upon in the contract. 2. What is meant by the words "authorized agents or distributors of defendant's product." 3. What were "the provisions and conditions of the agreement" on the plaintiff's part referred to in the petition.

Taking the second branch of the motion first, it is my judgment that this part of the motion should be granted. While it may not be material in the least to the controversy between the parties, yet for the court to get an intelligent understanding of the subject of the controversy it is always proper that explanatory averments should be made, by way of inducement, of matters connected with the subject of controversy that otherwise would be left vague and uncertain.

2. As to the first branch of the motion, in reference to the phrase, "among other things," it is my judgment that those words ought to be stricken out, as surplusage and immaterial.

While a plaintiff must state the contract sued on, at least so much thereof as embraces the defendant's promise, truly and correctly, yet, "it is sufficient to state those parts of it whereof a breach is complained, or in other words, to show so much of the terms beneficial to the plaintiff in a contract, as constitutes the point for the failure of which he sues; and * * * it is not necessary or proper to set out other parts not qualifying or varying in any respect the material parts above mentioned." 1 Chitty on Pl., *311. Now, the court can not take judicial notice of what the terms and conditions of the contract really are, save as disclosed by the petition, and in the first instance, when the question is presented by a motion of this kind, which is in the nature of a special demurrer, must assume that the substance of the contract, at least so much of the contract as is beneficial to plaintiff, is as stated by him in his declaration, and that without any qualification or condition. The plaintiff has picked out what he judges he is entitled to recover on, and we must presume that he has judged rightly. The statement of additional matter would be needless prolixity, and add nothing to the cause of action.

While it may turn out that he has not stated the contract correctly—that is, incorporated all that was essential to his right to recover on *the* particular contract—the question as to that can not be made by motion, or special demurrer. That is matter of substance, and is reached by tendering a proper issue of fact, and, when the proof comes on the plaintiff would fail by reason of a variance between his contract as stated and the evidence thereof